DONALD D. FOX, APPELLEE, v. MAXINE FOX, APPELLANT.

146 N. W. 2d 208

Filed November 11, 1966. No. 36302.

Holtorf, Hansen & Kortum, for appellant.

Jack E. Lyman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MANASIL, District Judge.

SPENCER, J.

This is an application by Donald D. Fox in the original divorce action against his former wife Maxine, requesting the court to specifically provide the days and hours applicant should be permitted to visit his child.

Donald D. Fox was awarded a divorce from Maxine Fox on September 15, 1964, on the ground of extreme cruelty. Maxine was given the care, custody, and control of the 4-month-old son of the parties, subject to reasonable visitation rights, and Donald was ordered to pay $90 per month for the support and maintenance of the child. These payments have been made as directed.

Subsequent to the divorce a dispute arose as to the visitation rights and as to whether Donald should be permitted to take the child from the home of Maxine. She refused to permit him to do so. After a conference between the parties and their respective attorneys, she permitted him to take the child on two occasions. When she thereafter refused to permit him to take the child, this application was filed. After a contested hearing, the trial judge, who had heard the divorce action, entered an order specifically defining the visitation rights and providing that Donald should be permitted to take the

child of the parties to such reasonable places as he should see fit. The material portion of the order is as follows: "Wednesdays from 5:00 o'clock p.m., to 7:30 o'clock p.m.; Sundays from 1:00 o'clock p.m., to 7:30 o'clock p.m., and Holidays, consisting of Christmas Day, New Years Day, Declaration (Decoration) Day, Thanksgiving Day and the Fourth of July from 1:00 o'clock p.m., to 7:30 o'clock p.m., each of said Holidays, until further order of this court." The court assessed the court costs to Donald but decreed that each party should pay his own attorney.

Maxine has perfected an appeal to this court challenging the visitation rights allowed and the determination that each party should pay his own attorney.

A decree in a divorce case, insofar as minor children are concerned, is never final in the sense that it cannot be changed. Caporale v. Hale, 169 Neb. 751, 100 N. W. 2d 847. Our statute vests in the district court the right to change, revise, or modify any divorce decree so far as it concerns the care, custody, or maintenance of minor children. § 42-312, R. R. S. 1943.

No question is involved herein as to the custody of the child. Nor is the application technically one for modification of the divorce decree. It is merely an application to define the meaning of "reasonable visitation rights" as those words are used in the decree.

An indefinite provision in a divorce decree invites controversy where one of the parties may feel in the least abused. Here, the father secured the divorce but custody of the minor child was given to the mother. The practice in this state in the ordinary case has been to provide that the parent who does not have custody should have reasonable visitation rights, and to leave it to the parties to agree on what those words mean. It is evident here that the mother believed that custody gave her the right to dictate the time, frequency, and condition of the father's visitations. It should be obvious that the provision for reasonable visitation rights does

not mean visitation at the sole discretion of the party having custody of the child.

Section 38-107, R. R. S. 1943, provides that the father and mother are the natural guardians of their minor children, and are equally entitled to their custody. Here, because of the divorce, custody could only be vested in one of them. The tender age of the child made it desirable that such custody be given to the mother. However, the father, who is without fault, should have an opportunity to become acquainted with his child, and the child should not be deprived of the love and affection of his father. This can only be accomplished by association. Consequently, the father should have the right, if he so desires, to visit the child at reasonable times and with reasonable frequency. If this right is to be meaningful, it should permit the child to visit with the father away from the control of the person having custody.

When the parties were unable to agree, the same trial judge who granted the divorce, by the order appealed from herein, defined the meaning of reasonable visitation rights as used in the divorce decree. A determination of what constitutes reasonable visitation rights is within the discretion of the trial court, and should not be disturbed except for an abuse of discretion, which is not apparent here.

Maxine complains because no allowance was made to her for attorney's fees on the application. On the facts herein it does not seem right that Donald should be penalized for Maxine's obstinacy. We affirm the finding of the trial court.

For the reasons given, the judgment of the trial court is affirmed.

AFFIRMED.