SHARON A. FRY, APPELLEE, v. WILLIAM J. FRY, APPELLANT.

184 N. W. 2d 636

Filed March 12, 1971. No. 37660.

William L. Walker and Earl Ludlam, for appellant.

Hal W. Bauer and Buer, Galter & Nelson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The plaintiff, Sharon A. Fry, brought this action against the defendant, William J. Fry, for a divorce, custody of the children, child support, a division of property, and

an award of alimony. A divorce was granted to the plaintiff and the issues incidental thereto were determined. The defendant has appealed.

The evidence sustains the granting of the divorce to the plaintiff because of the adulterous relationship of defendant with another woman during the existence of the marriage relation. The grant of the divorce to plaintiff. is not assigned as error. The assignments of error are directed to the claimed excessiveness of plaintiff's award in the division of the property of the parties, the award of alimony, the award of child support, the fixing of visitation rights, and the amount of attorney's fees allowed the plaintiff for legal services rendered in the district court.

There is no dispute as to the property owned by the parties at the time of the filing of the action, although there is some dispute as to its value.

We find the property of the parties and its value at the time of the trial to be as follows: Home, $18,000, subject to a mortgage of $9,000 and monthly payments thereon of $147; furniture in home, $1,750; Buick automobile, $875; 28 shares Lincoln Tel. & Tel. Co. stock, $700; Burlington Credit Union savings account, $700; Investors Fund stock, $600; Ford pickup, $150; Ford, 1934 antique, no value shown; 18 shares Lincoln Tel. & Tel. Co. stock, $450; debenture bond, Lincoln Tel. & Tel. Co., $200; government bonds, $100; insurance policy, cash value, $1,052; Investors Fund stock (for education of children), $1,500; life and health insurance policies of prospective value with limited present value estimated at $4,000 in future benefits.

The plaintiff was 33 and the defendant 34 years of age when the divorce was granted. The marriage lasted for 13 years. Two children, a son 9 and a daughter 5 years of age, were born of the marriage. Both parties are in good health. Plaintiff was employed as a key puncher on an IBM machine at a take-home salary of $110 for each 2 weeks. Defendant was a switchman for a

railroad at a take-home salary of $432.55 per month. Defendant earned gross pay of $10,276.81 in 1967 and $11,412.84 in 1968. Defendant took a lesser-paying job in 1969. His contract rights to his former job still exist, the lesser-paying job having been taken at his own volition.

The trial court in its decree awarded the home to the plaintiff subject to the $9,000 mortgage which plaintiff was to assume and agreed to pay and hold defendant free from liability thereon. Plaintiff was awarded the furnishings, fixtures, and appliances in the home. The Buick automobile was awarded to plaintiff and also the Lincoln Telephone and Telegraph Company debenture bond having a maturity value of $200. All other personal property was awarded to the defendant although some insurance and health policies were awarded to him by agreement for the benefit of the children. We find the value of the property awarded to plaintiff to be approximately $12,500. The value of the property awarded to the defendant is substantially less. The applicable rule is: "The factors to be considered in an award of alimony or a division of property in a divorce case are the age and health of the parties; their earning ability; their relative conduct leading up to the divorce; the duration of the marriage; the social standing of the parties; the property of the parties and its value at the time of the divorce, its income-producing capacity, the manner in which it was acquired, and the respective contributions that each party has made thereto; the property of the parties and its value at the time of the marriage; and all other relevant facts and circumstances." Gartside v. Gartside, 181 Neb. 46, 146 N. W. 2d 777.

It is not disputed that the defendant's improper conduct was the sole cause of the divorce. The award of the home and the furniture, fixtures, and appliances to the plaintiff as living quarters for her and the two children is an equitable disposition under the circumstances

shown. The personal property awarded to the plaintiff in addition to the home and contents is not of great value under present economic conditions. This property is low-income producing and affords little financial support for plaintiff and the two children.

The defendant complains of the award of $100 per month for the support of each child. The record does not disclose any facts indicating that the trial court abused its legal discretion in making these allowances. They are fair and reasonable. Rubottom v. Rubottom, 185 Neb. 39, 173 N. W. 2d 447. Defendant asserts that the trial court was in error in awarding $3,000 as alimony, payable $50 per month for a period of 5 years. We point out that plaintiff has a much less earning capacity than the defendant. In addition, the plaintiff is burdened with the custody and care of the two children and the expense of their care while she is working. The allowance of alimony, payable by the month as stated, is necessitated in augmentation of her earning capacity during her transition from housewife to breadwinner.

The equities of the case are with the plaintiff. The actions of defendant were the sole cause of the divorce, brought on by a most serious breach of marital obligations. The disparity in earning ability, at least in the proven potential of each, is great. The 13-year period of the marriage and the thrusting of defendant's obligation to support plaintiff and his two children upon the plaintiff is an important factor. The limited amount of income-producing property that was awarded her is a consideration of importance and her contributions made in acquiring the jointly owned property support the decree of the trial court as being fair and equitable. Foltyn v. Foltyn, 180 Neb. 42, 141 N. W. 2d 433.

Defendant complains of the visitation rights prescribed by the trial court. The court granted the right of defendant to visit the children at or away from their home from 1 p.m. to 6 p.m. on alternate Saturdays and Sundays, and on designated holidays. We find no abuse

of discretion by the trial court under the circumstances of this case, particularly since changes may be made on application when and if conditions change. Fox v. Fox, 180 Neb. 847, 146 N. W. 2d 208.

The record shows that the trial court allowed plaintiff $50 as attorney's fee pending the litigation in the district court and a additional attorney's fee of $800 in the final divorce decree. The record indicates that the trial took less than a day and that there were no exceptional or intricate legal problems involved. There is no evidence in the record to support the allowance of a fee in any particular sum. We think the award of a total of $850 attorney's fee is excessive from an examination of the record before us. In view of this situation, we allow no attorney's fee to the plaintiff for the services of her attorney in this court. Foltyn v. Foltyn, *supra*.

AFFIRMED.