JUDY E. BARTLETT, APPELLANT, v. WILLIAM L. BARTLETT, APPELLEE.

225 N. W. 2d 413

Filed January 30, 1975.  No. 39565.

Bradford & Bloch and Boyle & Hetzner, for appellant.

R. David Garber and Philip O. Crowley of Marks, Clare, Hopkins, Rauth & Garber, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This case involves the custody of minor children. The parties were divorced by decree entered February 20, 1973. The decree provided that custody of the minor children be placed in the court under the supervision of a conciliation counselor, with physical possession to remain in petitioner subject to the reasonable visitation rights of respondent. Soon after entry of the decree, respondent learned of new evidence but no action was taken to call it to the attention of the court until an application for modification was filed at the ensuing term. The decree was modified and physical possession of the children awarded to respondent. We affirm the order of the District Court.

The evidence adduced related to petitioner's conduct prior to the entry of the decree of divorce and pertained

to her moral fitness. The question presented is whether evidence of conduct transpiring prior to entry of the decree is admissible at a subsequent hearing on the question of child possession.

Among the various jurisdictions, considerable conflict exists in regard to considering evidence of prior conduct not presented in the original proceeding. See Annotation, 9 A. L. R. 2d 623. "A decree in a divorce case, insofar as minor children are concerned, is never final in the sense that it cannot be changed." Fox v. Fox, 180 Neb. 847, 146 N. W. 2d 208.

"An application for modification of a divorce decree with respect to the care, custody, and maintenance of minor children must be founded upon new facts and circumstances which have arisen since the entry of the decree." Adamson v. Adamson, 190 Neb. 716, 211 N. W. 2d 895.

The latter rule is ordinarily applicable when the court has made a definite award of custody to one party or another. It does not apply when the court, as here, retains custody because of uncertainty as to where the best interests of the children may lie. "In determining the question of who should have the care and custody of children upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the children." Broadstone v. Broadstone, 190 Neb. 299, 207 N. W. 2d 682.

Section 42-351, R. R. S. 1943, authorizes the court to "make such orders, both temporary and final, as are appropriate concerning * * * the custody and support of minor children * * *."

Section 42-364, R. R. S. 1943, authorizes the court to place the custody of minor children in the court, to determine custody on the basis of the best interests of the children, and to make subsequent changes when required. When the best interests of the children, in regard to custody, is not clear, the court may, and should, place custody in the court. In regard to such disposition

we have stated that: "Its purpose is to 'facilitate judicial supervision and summary power to act swiftly in their (the childrens') best interests.' * * * The parent having possession where the court has retained custody is in effect an agent of the court." Benson v. Benson, 190 Neb. 87, 206 N. W. 2d 51.

It is evident that when a court finds it necessary to place custody of minor children in the court, it does so because it is doubtful that it is cognizant of the full story relating to the best interests of the children and of the propriety of awarding custody to one of the parties. Such an order is ordinarily temporary and probationary in nature and reserves in the court the power to make further summary disposition of minor children when it becomes apparent that their best interests require it. There has not been a final determination of fitness in regard to either party. That question remains open and subject to determination after further notice and hearing. It is not res judicata. The court is at liberty to consider the evidence submitted in the original proceeding and pertinent material evidence of which the court was not apprised. "A change of circumstances, which will permit a modification of a divorce decree relating to child custody, includes those not known to the court and the opposing party at the time of the entry of the decree and which could not have been discovered by the exercise of reasonable diligence at the time of the entry of the original decree. * * *

"The discovery of material facts which existed but were unknown to the court and the opposing party and could not have been ascertained with reasonable diligence, which, if known to the court, might have warranted the entry of a different decree, are changed circumstances which the court will consider in an application for a change of child custody." Fisher v. Fisher, 185 Neb. 469, 176 N. W. 2d 667.

In a case where custody had been awarded to the mother and was subsequently changed, it was held in

Warren v. Warren (Iowa), 191 N. W. 2d 659: "Evidence introduced concerning plaintiff's predivorce activities as they affected her fitness to care for the child all tended to establish facts unknown to the court at the time the decree was entered. This evidence was therefore admissible and properly considered regardless of whether or not it was known or available to the parties at the time of former hearing."

We note that although the court has made a change in regard to the physical possession of the children, it has still retained custody and supervision and we cannot say that there has been an abuse of discretion under the existing circumstances. "In cases involving determinations of child custody, the findings of the trial court, both as to an evaluation of the evidence and as to the matter of custody, will not be disturbed unless there is a clear abuse of discretion." Broadstone v. Broadstone, *supra*.

The judgment of the District Court is affirmed.

AFFIRMED.