SUSAN DIANE BRANDL, APPELLANT, V. ALVIN LAWRENCE
BRANDL, APPELLEE.
251 N. W. 2d 155

Filed March 2, 1977.   No. 40795.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellant.

Mueting, DeLay & Spittler, for appellee..

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an appeal by the petitioner wife from an order of the District Court for Madison County modifying a previous order concerning child custody entered in an action for dissolution of marriage. By the order of modification the court awarded physical custody of the parties' only child to the respondent husband annually during the period September 1st to May 31st

and to the petitioner wife for the remainder of the year.

The question which is determinative of this appeal is whether the court in entering the order of modification was entitled to act summarily under the doctrine of Benson v. Benson, 190 Neb. 87, 206 N. W. 2d 51, or whether it should have acted after hearing and receipt of competent evidence in accordance with the doctrine laid down in the line of cases of which Erpelding v. Erpelding, 176 Neb. 266, 125 N. W. 2d 688, is one. Since those cases were decided, sections 42-347 to 42-379, R. R. S. 1943, have been enacted and former statutes repealed.

A summary of the procedural history of this case is useful. After 7 days of trial between April 15, 1975, and May 5, 1975, the court, on May 5, 1975, entered a decree of dissolution. On September 11, 1975, oral argument was heard and the court entered an order which, insofar as it is pertinent to the matter in issue on this appeal, was as follows: "The legal custody of Chris Brandl, the child of the parties, should be awarded to the Chief Probation Officer of the Second Probation District with the following directions." The order then gave physical custody of the child to the wife for the period September 20, 1975, to March 1, 1976, and to the husband for the period March 1st to September 1st; thereafter alternating custody each 6 months. The order also provided that: "The legal custodian shall supervise both the petitioner and respondent and call to the attention of the court any acts of either inimical to the child's best interests."

On September 22, 1975, the husband filed an application for modification of the custody order in which he requested that he have physical custody from September 1st to May 31st and the wife have physical custody June 1st to August 31st each year.

On September 25, 1975, the wife filed a motion to strike the application to modify, alleging that there had

been no change of circumstances since the original order. On October 17, 1975, a hearing, of sorts, was held. The motion to strike was overruled. The wife asked for time to file an answer to the application to modify. This was denied and the court entered the order from which, after the overruling of a motion for a new trial, this appeal was taken.

At the hearing of October 17, 1975, the husband offered an instrument entitled affidavit. No objection was made and it was received. The affidavit is unexecuted both as to signature and jurat. Another affidavit, identical as to contents but executed, is contained in a supplemental transcript. Even if this were to be considered competent evidence because unobjected to, it cannot be considered by us because it is not included in the bill of exceptions which consists simply of a short colloquy between the court and counsel and the unexecuted affidavit. The record of the earlier trial is not included in any bill of exceptions and we, of course, are in no position to make any judgment on the merits.

So far as we can determine from the scanty record before us, this case is unlike Benson v. Benson, *supra,* where the court itself retained custody of the children and where the case history justified summary action in the best interests of the children. Here the court appears to have been acting on a party's motion to modify. It denied the party opponent an opportunity to respond. It acted upon incompetent evidence.

Section 42-364, R. S. Supp., 1974, provides: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, including placing the minor children in court custody if their welfare so requires. Custody and visitation of minor children shall be determined on the basis of their best interests. Subsequent changes may be made by the court when required after notice and

hearing." Section 42-356, R. R. S. 1943, provides: "Hearings shall be held in open court upon the oral testimony of witnesses or upon the depositions of such witnesses taken as in other actions. The court may in its discretion close the hearing and may restrict the availability of the evidence or bill of exceptions." Under the provisions of section 42-357, R. S. Supp., 1974, the court, during the pendency of the action, is authorized to enter ex parte orders related to several matters, including "(3) determining the temporary custody of any minor children of the marriage."

In the case before us the court itself did not retain custody in the order which it later modified, but placed that custody in a third person, the probation officer. Benson v. Benson, *supra,* appears not to be applicable in this instance. It is also clear that the court was not entering a temporary order.

As noted above, we express no view on the merits, but decide only the procedural questions presented. Since much time has elapsed since October 17, 1975, it is apparent that any order which is to be hereafter entered must depend upon the best interests of the child as indicated by current conditions as shown by competent evidence.

The cause is remanded for such further proceedings as either of the parties shall care to initiate. Each party shall pay his own costs in this court.

REMANDED FOR FURTHER PROCEEDINGS.

NEWTON, J., dissenting.

I respectfully dissent from the majority opinion. I call attention to the fact that a District Judge has inherent power to vacate or modify its judgments at any time during the term at which they are entered. See Fanning v. Richards, 193 Neb. 431, 227 N. W. 2d 595. Furthermore, such vacation or modification of a judgment at the same term may be made on the court's own motion. See Netusil v. Novak, 120 Neb. 751, 235 N. W. 335.

The record in the present case does not disclose that the court acted after the expiration of the term at which the original judgment was entered. I therefore submit that the modified judgment is valid and that this case should be affirmed in the absence of a showing that the modified judgment is incorrect on its merits.

BOSLAUGH, J., concurring.

I am in full agreement with the decision of the court that this case must be remanded to give the appellant an opportunity to be heard upon the order of October 17, 1975, modifying the decree entered September 11, 1975.

I do not believe this case can be distinguished from Benson v. Benson, 190 Neb. 87, 206 N. W. 2d 51, on the ground that in this case custody was placed in a third person, the probation officer, instead of the court. The order of October 17, 1975, provides in part: "* * * and that this Court, at the time of said decree, *retained custody of the parties minor child* by awarding the legal custody of said child to the District Probation Officer, of the 9th Judicial District; * * *." (Emphasis supplied.) An award of child custody to a probation officer with physical custody in the parents is for most purposes the legal equivalent of retaining custody in the court with possession in the parents.

Benson v. Benson, *supra,* involved a modification order, made after an evidentiary hearing, which gave the defendant father possession of the children from June 9, 1972, until August 6, 1972, instead of for 1 month during the summer as provided in an order entered on February 17, 1972. The order was in the nature of an adjustment of visitation rights which had been a subject of controversy between the parties since the date of the original decree.

The decree in this case, entered on September 11, 1975, divided the physical custody equally between the parties. The order of October 17, 1975, responding to the application for modification, awarded physical cus-

tody to the respondent for 9 months of each year. The order was not temporary in nature, and deprived the petitioner of a substantial right that had been awarded to her in the decree. Under the circumstances it was an order that should have been made only after notice and an opportunity for an evidentiary hearing.

SPENCER and McCOWN, JJ., join in this concurrence.