KENNETH KAREL BERRY, APPELLEE, V. JUDITH HARWOOD BERRY, APPELLANT.

276 N. W. 2d 200

Filed March 13, 1979. No. 41797.

David L. Herzog, for appellant.

Vincent P. Sutera of Sutera & Sutera, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an action for dissolution of marriage brought by Kenneth Karel Berry, the petitioner and appellee, against Judith Harwood Berry, the respondent and appellant, in the District Court for Douglas County, Nebraska. The respondent assigns error against the provisions of the decree in respect to child custody and alimony. We affirm in part and reverse in part.

The record shows that the parties were married in 1961. The petitioner is a clinical psychologist practicing privately and an associate professor at the University of Nebraska College of Medicine. The respondent had worked occasionally outside the home but had spent the bulk of her time in caring for the two surviving children of this marriage: Karen Jennifer, born in 1962 and Jason, born in 1971. During the pendency of the action, respondent had become a student at the University of Nebraska-Omaha to complete her studies in social work. The extent of the family property and assets will be discussed later.

Both parties sought the temporary custody of the children and the court held a hearing thereon shortly after the filing of the action. An order was entered taking custody of the children in the court and grant-

ing possession of the children and of the family home to the petitioner. The case then proceeded to a final hearing upon the merits. This hearing was devoted almost entirely to the conflicting claims of the parties to custody. The parties testified extensively and called numerous witnesses, including psychological and psychiatric experts. The testimony covered the conduct of both parties, both as to the children and to each other, and the mental problems of both. Much of the testimony, including the expert opinions, conflicted to such an extent that the determination of facts could not be made on any basis except the trial court's evaluation of credibility of the various witnesses and of the fitness of each party to have custody of the children. A recital of the details of the testimony would unduly lengthen this opinion. The trial court did make inquiry of the daughter, Karen Jennifer, about her custodial preference, to which she replied that she preferred to live with the petitioner. The court ordered that custody should continue in the court with possession of the children in the petitioner subject to a right of visitation in the respondent. Respondent's assignment of error is that this portion of the order is not supported by the evidence, that it is not in the best interests of the children, and that it is defective for want of provisions for future monitoring of petitioner's possession of the children.

In Schinkel v. Schinkel, 199 Neb. 1, 255 N. W. 2d 851, we held that the findings of the trial court will be upheld unless shown to be clearly against the weight of the evidence or the result of an abuse of discretion. Here, the trial court was confronted with a record which did not weigh clearly either way and yet was required to make disposition of the custody and possession of the children. Section 42-364, R. S. Supp., 1976, authorizes the court to place the custody of minor children in the court, to determine custody on the basis of the best interests of the chil-

dren, and to make subsequent changes when required. In Bartlett v. Bartlett, 193 Neb. 76, 225 N. W. 2d 413, we said: "When the best interests of the children, in regard to custody, is not clear, the court may, and should, place custody in the court. In regard to such disposition we have stated that: 'Its purpose is to facilitate judicial supervision and summary power to act swiftly in their (the childrens') best interests. * * * The parent having possession where the court has retained custody is in effect an agent of the court.' Benson v. Benson, 190 Neb. 87, 206 N. W. 2d 51.

"It is evident that when a court finds it necessary to place custody of minor children in the court, it does so because it is doubtful that it is cognizant of the full story relating to the best interests of the children and of the propriety of awarding custody to one of the parties."

The trial court acted precisely in accordance with the reasoning of that opinion. The effect of retaining court custody is to defer a final determination of the fitness of either party and of the appropriate action to further the best interests of the children.

The question of whether monitoring provisions should be set out in a decree has not previously been presented to us. In Greenfield v. Greenfield, 199 Neb. 648, 260 N. W. 2d 493, when our modification of a decree directed the trial court to take legal custody, the trial court was admonished to provide for close monitoring of the possession of the children. The precise extent of monitoring depends in part upon the staff and assistance available to the court, in part upon reports and complaints made by the parents, and generally upon the circumstances of each individual case. It is desirable that the court and its staff should be able to act flexibly in response to the developments that may occur. It is possible specific provisions in a decree might have a somewhat restraining effect, inhibiting quick and

perhaps summary action. In view of these considerations, we hold that the trial court is not required to make specific provisions in a decree for the monitoring of possession of children over which it has taken custody.

The assignment of error against the custody provisions of the decree is not well taken and is without merit.

Next we consider the property provisions of the decree. The record does not show that either party brought property to the marriage and apparently the family assets represented a joint accumulation during the 16-year period. The petitioner gave his opinion that the value of the home was about $45,000 and furnishings about $3,000; the mortgage on the home was stated at $33,000 and other family debts at $10,000. The family owned two cars, one being used by each party. Details concerning the balances in bank accounts and certificates of deposit were not supplied. During the year 1976, petitioner earned a salary of $27,000 before taxes from the University of Nebraska College of Medicine and an income of about $9,000 after taxes from his private practice. The respondent earned about $250 from part-time work in a hospital. There was no evidence concerning the prospects of the respondent for future earnings.

The decree contained a finding that the value of the equity in the home was $13,320 and assigned the home and the furnishings to petitioner. Alimony in the amount of $6,700 was awarded respondent, payable at the rate of $250 per month for 27 months. Respondent was further ordered to restore $850 to the savings account maintained for the benefit of Karen Jennifer. The decree did not mention the automobiles or the bank accounts and certificates of deposit.

Section 42-365, R. S. Supp., 1976, provides in part: "When dissolution of a marriage is decreed, the

court may order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment * * *.'' In Brown v. Brown, 199 Neb. 394, 259 N. W. 2d 24, where the evidence showed that each party had a substantial earning capacity, we held that a property division should be supplemented by alimony over the ensuing 10-year period. The trial court in the instant case based its allowance of alimony upon its finding of one-half the value of the equity in the home and awarded an amount of alimony which is inadequate even upon the scanty evidence in the record. The award of alimony to the respondent is reversed and the cause is remanded for a new trial as to that issue only.

Other assignments of error have been considered and found to be without merit.

A fee of $500 will be allowed respondent for the services of her attorney in this court.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.