SHAROLYN R. CHRISTEN, APPELLANT, V. JAMES W. CHRISTEN,
APPELLEE.

422 N.W.2d 92

Filed April 15, 1988.   No. 87-708.

Kimberly D. Mueller of Jeffrey, Hahn, Hemmerling & Wade, P.C., for appellant.

Michael R. Dunn and Richard L. Halbert of Halbert & Dunn, for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, and GRANT, JJ., and BURKHARD, D.J.

SHANAHAN, J.

This is an appeal from an order modifying a decree of dissolution, providing for the physical custody of children.

Sharolyn R. Christen and James W. Christen were married in 1977 and have two children: Matthew, born February 14, 1978, and Rosemary, born August 20, 1979.

After Sharolyn had petitioned for dissolution of her marriage to James, the district court, on December 2, 1985,

found that both parties were fit and proper persons to have the care, custody, and control of their children but that "legal custody of said children should be retained by the Court and that actual physical custody should be placed with [Sharolyn]" subject to James' visitation of the children. See Neb. Rev. Stat. § 42-364 (Cum. Supp. 1986). On July 10, 1986, Sharolyn married LeRoy Holthus. On July 18, 1986, James filed his request for a modification of the dissolution decree, asking that James be granted the "care, custody and control" of the children.

A hearing was held on June 29, 1987, concerning a change of child custody. Evidence showed that Sharolyn and the children were living in the Holthus home with LeRoy and his 15-year-old son. The Christen children, generally, have a good relationship with their stepfather and his son. James was to be married some 6 weeks after the custody hearing and expected to move into a new home with his wife and her two daughters. The court, with counsel for the parties and the guardian ad litem, interviewed the Christen children out of the presence of Sharolyn and James. During that interview, the children expressed their preference to reside with their father, with whom they felt comfortable. Both children expressed some fear, when LeRoy Holthus "throws his temper." Although the children were happy while visiting their father, they became solemn and occasionally cried at return to their mother's residence. A psychological evaluation, received as an exhibit, stated that Rosemary expressed the desire to reside with her father and attend school near her father's residence. In that evaluation, Rosemary indicated fear of her stepfather's anger and described him as frequently losing his temper. A psychological evaluation of Matthew reflected that he strongly identified with his father, to whom Matthew had a firm attachment, and expressed Matthew's wish to live with his father. Matthew indicated fear, when his stepfather became angry, and experienced depression on separation from his father. At the conclusion of the hearing, the district court ordered that "legal custody of the children of the parties, Matthew Christen born February 14, 1978 and Rosemary Christen born August 20, 1979, should be retained by the court and that actual physical custody should be placed

with [James]" subject to Sharolyn's visitation of the children. Sharolyn claims the district court erred in modifying the dissolution decree to change physical custody of the children. "Custody matters are initially entrusted to the sound discretion of the trial judge . . . ." *Cole v. Cole*, 223 Neb. 906, 395 N.W.2d 494, 495 (1986).

> In an appeal involving actions for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another.

*Gerber v. Gerber*, 225 Neb. 611, 617-18, 407 N.W.2d 497, 502 (1987).

A district court may maintain legal custody of a minor child, in proceedings to dissolve a marriage, and grant a parent physical custody of the child. See § 42-364. See, also, *Grindle v. Grindle*, 226 Neb. 807, 415 N.W.2d 150 (1987); *Peterson v. Peterson*, 224 Neb. 557, 399 N.W.2d 792 (1987). In *Bartlett v. Bartlett*, 193 Neb. 76, 78-79, 225 N.W.2d 413, 415-16, we stated:

> Section 42-364, R.R.S. 1943, authorizes the court to place the custody of minor children in the court, to determine custody on the basis of the best interests of the children, and to make subsequent changes when required. When the best interests of the children, in regard to custody, is not clear, the court may, and should, place custody in the court. In regard to such disposition we have stated that: "Its purpose is to 'facilitate judicial supervision and summary power to act swiftly in their (the childrens' [sic]) best interests.' * * * The parent having possession where the court has retained custody is in effect an agent of the court." Benson v. Benson, 190 Neb. 87, 206 N.W.2d 51.

> It is evident that when a court finds it necessary to place

custody of minor children in the court, it does so because it is doubtful that it is cognizant of the full story relating to the best interests of the children and of the propriety of awarding custody to one of the parties. Such an order is ordinarily temporary and probationary in nature and reserves in the court the power to make further summary disposition of minor children when it becomes apparent that their best interests require it. There has not been a final determination of fitness in regard to either party. That question remains open and subject to determination after further notice and hearing.

Regarding actions for modification of a divorce decree's child custody provisions, we have said: "A divorce decree fixing custody of minor children should not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action." *Parsons v. Parsons*, 219 Neb. 736, 738, 365 N.W.2d 841, 843 (1985). See, also, *Krohn v. Krohn*, 217 Neb. 158, 347 N.W.2d 869 (1984); *Ahlman v. Ahlman*, 201 Neb. 273, 267 N.W.2d 521 (1978). Hence, establishing a change in circumstances is, generally, an essential element which must be shown to modify child custody provisions in a divorce decree.

However, when a court has retained legal custody of a child in a dissolution proceeding, requiring a change of circumstances to alter physical custody of a child would impair the court's swift action which may be necessary in the best interests of the child. Therefore, we hold that, when a court has retained legal custody of a child, pursuant to § 42-364, a question whether to change physical custody is determined by the best interests of the child without the necessity of showing any change of circumstances otherwise required for a change in legal custody of the child.

In determining a child's best interests in custody matters, a court may consider factors such as general considerations of moral fitness of the child's parents, including the parents' sexual conduct; respective environments offered by each parent; the emotional relationship between child and parents; the age, sex, and health of the child and parents; the effect on

the child as the result of continuing or disrupting an existing relationship; the attitude and stability of each parent's character; parental capacity to provide physical care and satisfy educational needs of the child; the child's preferential desire regarding custody if the child is of sufficient age of comprehension regardless of chronological age, and when such child's preference for custody is based on sound reasons; and the general health, welfare, and social behavior of the child. See, § 42-364(1); *Gerber v. Gerber*, 225 Neb. 611, 407 N.W.2d 497 (1987); *Grace v. Grace*, 221 Neb. 695, 380 N.W.2d 280 (1986).

Although the district court has made a change with respect to the physical custody of the children, the court still has legal custody of the Christen children. On our de novo review of the record, we find no abuse of discretion by the trial court in its modification of the dissolution decree concerning physical custody of the children. Therefore, the district court's judgment is affirmed.

AFFIRMED.