STEVEN JAMES KNIEVEL, APPELLEE, V. TAMARA JEAN KNIEVEL, APPELLANT.

431 N.W.2d 648

Filed November 23, 1988. No. 87-1126.

Michael L. Munch, of Hascall, Jungers & Garvey, for appellant.

Michael N. Schirber, of Arps & Schirber, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for the dissolution of a marriage in which the only issue on the appeal is the custody of the child of the parties, Kelly, who was born January 16, 1983. The trial court retained custody of the child, with possession awarded to the petitioner husband, subject to liberal and reasonable visitation by the respondent wife.

The respondent has appealed and contends that custody of the child should have been awarded to her.

Neb. Rev. Stat. § 42-364 (Cum. Supp. 1986) authorizes the trial court to retain custody of minor children and award possession to one of the child's parents if appropriate. In *Bartlett v. Bartlett*, 193 Neb. 76, 78-79, 225 N.W.2d 413, 415-16 (1975), we stated that § 42-364

> authorizes the court to place the custody of minor children in the court, to determine custody on the basis of the best interests of the children, and to make subsequent changes when required. When the best interests of the children, in regard to custody, [are] not clear, the court may, and should, place custody in the court. In regard to such disposition we have stated that: "Its purpose is to 'facilitate judicial supervision and summary power to act swiftly in their (the childrens' [sic]) best interests.' . . . The parent having possession where the court has retained custody is in effect an agent of the court." Benson v. Benson, 190 Neb. 87, 206 N.W.2d 51.
>
> It is evident that when a court finds it necessary to place custody of minor children in the court, it does so because it is doubtful that it is cognizant of the full story relating to the best interests of the children and of the propriety of awarding custody to one of the parties.

There is substantial evidence in this case that the child was subjected to sexual abuse by the respondent's brother while the child was being cared for in the home of the maternal grandmother, where the uncle resided. The respondent's attitude has been to deny that the abuse occurred.

The petitioner suffers from alcoholism, for which he has been receiving treatment.

A child therapist and counselor, who conducted 11 counseling sessions with the child in 1987, testified that therapy should continue for 1½ to 2 years and that it was important for the child to receive support from the parents in regard to the therapy. This witness described the petitioner as being supportive of therapy for the child, but stated that the respondent tended to minimize the possibility that the child had been sexually abused. Apparently, the respondent did not feel that therapy was necessary. In a letter to the guardian ad litem, dated November 4, 1987, the therapist stated that the respondent

> has also made it very clear that she believes therapy is unnecessary for Kelly. At one point in therapy, when I switched Kelly from every two weeks to weekly appointments due to the significance of issues Kelly was dealing with at the time, Tammy was quite resistive.
>
> . . . .
>
> I have serious questions regarding Tammy's intentions to follow through on necessary outpatient psychiatric treatment for Kelly should she receive custody.

The guardian ad litem for the child reported that the child's best interests would be served by residing with the parent who would promote continued counseling. The guardian concluded that both parties were capable parents and that placement with the respondent would be reasonable so long as counseling would be continued. The guardian expressed concern, however, that the respondent might be unwilling to comply with counseling recommendations. Finally, the guardian stated that should respondent not cooperate with treatment for the minor child, custody should be with the petitioner.

In announcing his decision, the trial judge made the following statement in regard to the matter of custody:

> I have some doubts as to whether or not I've gotten all the evidence in or whether the final determination is ready to be made as to the [sic] what the best interests of Kelly is. And I say that because of the alleged sexual abuse by the uncle and I say it also because the status of Mr. Knievel as

an acknowledged alcoholic with an admitted problem to deal with the disease during the last six months or a year.

However, because of Mr. Knievel's forthright acknowledgement and admissions of the problem, and his failings, it gives weight to or support to his position as a primary posssessive [sic] party as opposed to Mrs. Knievel, and the family's response to the other problem.

In an appeal involving actions for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988).

As we stated in the *Christen* case at 270-71, 422 N.W.2d at 95,

"It is evident that when a court finds it necessary to place custody of minor children in the court, it does so because it is doubtful that it is cognizant of the full story relating to the best interests of the children and of the propriety of awarding custody to one of the parties. Such an order is ordinarily temporary and probationary in nature and reserves in the court the power to make further summary disposition of minor children when it becomes apparent that their best interests require it. There has not been a final determination of fitness in regard to either party. That question remains open and subject to determination after further notice and hearing."

Our review of the record discloses no abuse of discretion by the trial court. The judgment is affirmed.

AFFIRMED.