CYNTHIA LOU VANCE, APPELLANT, V. LANCE LEONARD VANCE, APPELLEE.

448 N.W.2d 605

Filed December 1, 1989.   No. 89-382.

Benjamin M. Belmont, of Lustgarten & Roberts, P.C., for appellant.

Lawrence H. Yost, of Yost, Schafersman, Yost, Lamme, Hillis & Mitchell, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The marriage of the petitioner, Cynthia Lou Vance, and the respondent, Lance Leonard Vance, was dissolved on September 5, 1985. Custody of Desirae, the minor child of the parties, born January 25, 1983, was placed in the court, with physical custody granted to the respondent and visitation granted to the petitioner.

On August 3, 1988, the petitioner filed a petition to modify the judgment so as to award custody of Desirae to the petitioner. The matter was heard on March 23, 1989. The trial court found that the petitioner had failed to prove there had been a change of circumstances indicating that the respondent was unfit to have custody of the minor child or that the best interests of the child required that custody be awarded to the petitioner. From that judgment the petitioner has appealed.

Child custody is initially entrusted to the discretion of the trial court. When the trial court has retained legal custody of a child, any change in physical custody is to be determined by the best interests of the child. *Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988).

From our de novo review of the record, we conclude that the evidence supports the findings of the trial court and that there has been no abuse of discretion in finding that custody of the child should not be awarded to the petitioner. The judgment is, therefore, affirmed.

AFFIRMED.