ANTHONY GRINDLE, APPELLEE, V. CHRISTY R. GRINDLE, APPELLANT.
465 N.W.2d 749

Filed February 22, 1991. No. 90-219.

Richard H. Hoch, of Hoch & Steinheider, for appellant.

E. Michael Slattery, of Reinsch & Slattery, P.C., for appellee.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

This is an appeal from an order modifying a decree of dissolution of marriage wherein the district court had previously retained legal custody, Neb. Rev. Stat. § 42-364 (Reissue 1988), of the parties' two children, ages 4 and 6, and physical custody of the children had been placed with petitioner-appellee, Anthony Grindle. The appealed order granted legal and physical custody to petitioner with reasonable rights of visitation with the respondent-appellant, Christy R. Grindle, who was ordered to pay $200 a month in child support. Respondent assigns as error the court's finding that respondent failed to prove a material change of circumstances affecting the children's best interests and the district court's failure to find that it was in the children's best interests to be placed with respondent.

The parties' marriage was dissolved on December 22, 1986. This court affirmed that dissolution order with regard to custody of the children in *Grindle v. Grindle*, 226 Neb. 807, 415 N.W.2d 150 (1987).

Respondent married Kelly Hartranft in July 1988. They bought a home and live in Avoca, Nebraska. Respondent works at Pendleton Woolen Mills, Nebraska City, Nebraska, earning $330 gross income a week; her husband is employed as a chef at a fraternity house in Lincoln, Nebraska, and plays in a band on weekends, for an annual gross income of $15,000.

Petitioner lives in Nebraska City in a home owned by his mother and himself. At the time of trial he was receiving unemployment compensation, managing his brother's hog operation which was in bankruptcy, and working for another farmer for corn to feed the hogs. He had been temporarily laid off from his construction job. His annual salary was $10,000 to

$12,000.

In her amended petition for modification filed August 9, 1989, respondent alleged that there had been a material change of circumstances and that it was in the best interests of the children that care, control, and custody of the children be placed with her. In his response, petitioner denied the respondent's allegations and alleged it was in the best interests of the children to award legal custody to him.

After hearing, the court denied respondent's application, finding that while she had established a substantial change in her life, there was little evidence to support a change in circumstances affecting the best interests of the children, which change in circumstances she had a burden to prove. In its formal order of February 15, 1990, the court found that the best interests of the children required a transfer of legal custody to the petitioner along with physical custody, which transfer was ordered.

The evidence shows that the respondent has worked diligently to change her situation from the time of the original decree, when she had no reliable employment, permanent home, or stable situation in which to raise her children. Since the entry of the decree, the respondent remarried, has a stable family relationship, maintains a nice home, is regularly employed, and has visited regularly with her children, developing a close, loving relationship. The respondent takes the children to church on the weekends that she has them. She also takes the children to the library, rides bikes with them, reads books with them, and sews clothes for them.

Although respondent had been gainfully employed for 15 months, she had not contributed any support toward the children.

Mary Gadeken, a psychiatric social worker, testified that the children's relationship with both parents was positive. She would not give an opinion as to where custody should be placed; however, she did state that if custody were placed with the respondent, the children could experience some separation anxiety, especially from their father and grandmother, with whom they also have a positive relationship.

The children live with the petitioner and his mother in their

home. The petitioner's mother operates a children's day-care center out of the home, and she cares for the parties' children when they are not at school. The petitioner's mother contributes part of her $1,500-a-month income to support the children.

Petitioner spends time with his children reading to them, taking them to the farm, taking them to church, and preparing their meals, and has acquired a piano so that the children may take lessons. The petitioner enrolled the children in preschool and has participated in Christmas programs there.

Matters involving child custody are initially entrusted to the discretion of the trial court. *Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988). In an appeal regarding child custody, the Supreme Court reviews the trial court's judgment de novo on the record to determine whether there has been an abuse of discretion by the trial judge, and such judgment will be upheld in the absence of an abuse of discretion. See *Christen v. Christen, supra*.

An order reserving legal custody in the court is ordinarily temporary and probationary in nature and reserves in the court the power to make further summary disposition of minor children when it becomes apparent that their best interests require it. *Bartlett v. Bartlett*, 193 Neb. 76, 225 N.W.2d 413 (1975).

The respondent claims the district court erred in holding that she had failed to meet her burden to establish a change in circumstances showing the petitioner to be unfit to have custody of the children and in holding that it was in the best interests of the children to place legal custody in the petitioner. The respondent correctly asserts that she should only have been required to prove it was in the best interests of the children to change their physical custody to her. In *Christen v. Christen, supra*, this court held that when a court retains legal custody of a child, pursuant to § 42-364, the question of whether to change physical custody is determined by the best interests of the child without the necessity of showing any change of circumstances otherwise required for a change in legal custody of the child.

While the trial court was in error regarding respondent's burden of proof, such finding is not reversible error because in its written final order, the trial court did make a finding that the

best interests of the children required legal and physical custody to be placed with the petitioner, and such finding is supported in the record.

After a de novo review of the record, we find there was no abuse of discretion by the district court. Therefore, the judgment of the district court is affirmed.

AFFIRMED.

IN RE INTEREST OF G.G., J.G., J.G., AND J.G., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V. R.K. AND K.T., APPELLEES.