JEFFREY R. HANSEN, APPELLANT, V. SUSAN R. HANSEN, APPELLEE.

480 N.W.2d 204

Filed February 21, 1992.   Nos. S-90-909, S-90-1208, S-91-721.

Hal W. Anderson, of Berry, Anderson, Creager & Wittstruck, P.C., for appellant.

Debra Stangl for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Acting on the application of the respondent-appellee mother that custody and physical possession of her 9-year-old son be taken from the petitioner-appellant father and awarded to her, the trial judge, through a series of three orders, ultimately granted the mother's prayer and specified a schedule of visitation for the father.

The first two appeals are dismissed: the first (case No. S-90-909) because it was taken from a nonfinal order and the second (case No. S-90-1208) because there is no controversy as to the order appealed.

In the third appeal (case No. S-91-721), the father asserts that the district court erred in failing to consider the child's preference to live with him and in otherwise determining that the mother sustained her burden of proof.

Although in dissolution proceedings determinations as to custody are reviewed on appeal de novo on the record, such determinations are initially entrusted to the discretion of the trial judge and will be affirmed unless they constitute an abuse of that discretion. Where credible evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. See, *Hickenbottom v. Hickenbottom*, 239 Neb. 579, 477 N.W.2d 8 (1991); *LeDoux v. LeDoux*, 234 Neb. 479, 452

N.W.2d 1 (1990); *Rice v. Rice*, 231 Neb. 428, 436 N.W.2d 518 (1989).

We have reviewed this matter in accordance with the foregoing principles and cannot say that the district court abused its discretion. Accordingly, the order which is the subject of the third appeal is affirmed.

APPEAL IN NOS. S-90-909 AND S-90-1208 DISMISSED.
JUDGMENT IN NO. S-91-721 AFFIRMED.