TAMMIE A. VORDERSTRASSE, APPELLANT, V. JARROD E. VORDERSTRASSE, APPELLEE.

508 N.W.2d 872

Filed November 23, 1993.    No. A-92-902.

Gary G. Thompson for appellant.

Lyle Joseph Koenig for appellee.

SIEVERS, Chief Judge, MILLER-LERMAN, Judge, and NORTON, District Judge, Retired.

SIEVERS, Chief Judge.

On September 16, 1992, the district court for Gage County, Nebraska, entered a dissolution decree dissolving the marriage of Tammie A. Vorderstrasse and Jarrod E. Vorderstrasse. The court retained legal custody of the parties' daughter, Paige Marie, and awarded physical custody of Paige to Jarrod. Tammie appeals, asserting that the district court erred by retaining legal custody of Paige and by placing physical custody of the child with Jarrod.

At the outset, we note that the determination of child custody is a matter which is dependent upon the particular facts of each case. By necessity, the decision of a district court judge in awarding custody is somewhat subjective. Although the statutes and case law provide guidance, there is no magic formula which allows a court to plug in data and facts and receive back the perfect solution. We also believe that little good can come from memorializing the shortcomings of the parties in extensive and graphic detail. Accordingly, although we have comprehensively reviewed the evidence, we keep our factual summary purposefully brief.

Tammie and Jarrod were married on July 30, 1988. Their daughter, Paige, was born on October 20, 1990. Tammie also has a daughter, Ashley, from a prior relationship. The parties separated in December 1991. At that time, Tammie moved into an apartment with both Ashley and Paige. Jarrod was later granted temporary custody of Paige pending trial on the dissolution action. The parties saw a marriage counselor and attempted a reconciliation in April 1992 that lasted approximately 3 weeks.

Tammie and Ashley currently rent a one-bedroom house in Plymouth, Nebraska. Tammie is employed at Prosnip

Corporation and earns approximately $7.70 per hour. However, she receives no medical benefits through her employment. Much of the evidence with regard to Tammie centered on her relationship with another man, whom she described as her best friend. This relationship was a source of tension in the marriage and more so after the separation. There is no direct evidence that Tammie's relationship with this man was harmful to Paige.

Jarrod and Paige currently live in a rented three-bedroom house in Fairbury, Nebraska. Jarrod is employed by Demster Industries in Beatrice, Nebraska. He is a high school graduate and has also earned a degree from Southeast Community College. He testified that he has a good relationship with his parents and grandparents, who live within 20 miles of him. Jarrod testified that he and Paige attend church on the weekends she is with him. Jarrod further testified that he believes in providing a stable home environment for his daughter.

There is evidence in the record that indicates Jarrod has had a problem with alcohol in the past. He has had at least two convictions of driving while intoxicated, the last occurring in 1989. Jarrod testified, however, that he does not believe he has an alcohol problem. He further testified that he currently drinks very little and that he never drinks and drives.

There is also evidence in the record that Tammie has been vindictive toward Jarrod since their separation. Tammie admitted that she told the guardian ad litem appointed to represent Paige that Jarrod was a drug user. However, the results of a drug test taken by Jarrod were negative. Tammie also sent a note to Jarrod that indicated with regard to the custody dispute that she was "going to start playing dirty to [sic] so be prepared." Tammie also indicated in the note that if she did not get custody of Paige, Jarrod and his family would "never ever see Ashley again NEVER."

There is also evidence in the record of an incident that occurred during Tammie and Jarrod's attempted reconciliation. Tammie and Jarrod, along with Paige and Ashley, were traveling to Fairbury from Beatrice. Apparently, Jarrod was drinking a wine cooler in the car. When the parties stopped at a

gas station, Tammie went into the station and told the attendant that Jarrod was driving and was "drunk and obnoxious." Tammie asked the attendant to notify the police. Tammie also gave the attendant her male friend's phone number and asked that he also be called. The vehicle Jarrod was driving was subsequently stopped by police. The officer informed Jarrod that he had been reported for drinking and driving. However, Jarrod passed field sobriety tests and was allowed to drive home.

The record also indicates that Jarrod has a problem with his temper. Tammie testified that Jarrod's temper was especially bad after he had been drinking. The record reflects that on two occasions after the parties were separated, Jarrod came to Tammie's home to try to talk to her. On both occasions, Jarrod broke the lock on the door and entered Tammie's home without her permission. However, Jarrod left on both occasions without further incident.

On appeal to this court, Tammie has assigned four errors. However, only two errors are discussed in Tammie's brief. Only errors assigned and discussed in the appellant's brief will be considered by an appellate court on appeal. *Grote v. Meyers Land & Cattle Co.*, 240 Neb. 959, 485 N.W.2d 748 (1992); Neb. Ct. R. of Prac. 9D(1)d (rev. 1992). Tammie's assignments of error properly before this court are that the district court erred (1) in retaining legal custody of the parties' minor child and (2) in placing physical custody of the parties' minor child with Jarrod.

Child custody determinations are matters initially entrusted to the discretion of the trial court, and on appeal, although the appellate court reviews these cases de novo on the record, the trial court's determination will normally be affirmed in the absence of an abuse of discretion, keeping in mind, however, that the trial judge observed and heard the witnesses and accepted one version of the facts rather than the other. *Hansen v. Hansen*, 240 Neb. 31, 480 N.W.2d 204 (1992).

Tammie's first assignment of error is that the district court erred by retaining legal custody of Paige. The district court stated in its decree of dissolution:

[W]ith respect to the custody of the minor child of the

parties, Paige Marie Vorderstrasse, born October 20, 1990, the Court finds sufficient concern with respect to both parties that legal custody of said child should remain with the Court; with respect to physical custody, the Court finds that such custody should be awarded to the respondent subject to rights of visitation by the petitioner

. . . .

. . . .

. . . That in awarding physical custody of the minor child, Paige, to the respondent, the Court has taken into account the actions of the parties one toward the other, the degree of vindictiveness shown by petitioner, the inclination of petitioner to use the child as a bargaining tool with respect to the parties['] own personal difficulties, the degree and nature of care shown the child by each of the parties to the date of this decree and the association by the petitioner with another man both before and during the pendency of this proceeding.

Pursuant to Neb. Rev. Stat. § 42-364 (Cum. Supp. 1992), a district court may obtain and retain legal custody of a minor child and grant a parent physical custody of the child. *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988); *Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988).

With regard to this issue, the Nebraska Supreme Court has previously stated:

"Section 42-364, R.R.S. 1943, authorizes the court to place the custody of minor children in the court, to determine custody on the basis of the best interests of the children, and to make subsequent changes when required. When the best interests of the children, in regard to custody, is [sic] not clear, the court may, and should, place custody in the court. In regard to such disposition we have stated that: 'Its purpose is to "facilitate judicial supervision and summary power to act swiftly in their (the childrens' [sic]) best interests." . . . The parent having possession where the court has retained custody is in effect an agent of the court.' Benson v. Benson, 190 Neb. 87, 206 N.W.2d 51 [1973].

"It is evident that when a court finds it necessary to place custody of minor children in the court, it does so because it is doubtful that it is cognizant of the full story relating to the best interests of the children and of the propriety of awarding custody to one of the parties. Such an order is ordinarily temporary and probationary in nature and reserves in the court the power to make further summary disposition of minor children when it becomes apparent that their best interests require it. There has not been a final determination of fitness in regard to either party. That question remains open and subject to determination after further notice and hearing."

*Ensrud v. Ensrud*, 230 Neb. at 725, 433 N.W.2d at 196, quoting *Bartlett v. Bartlett*, 193 Neb. 76, 225 N.W.2d 413 (1975).

After our de novo review of the record in this case, we cannot say that the district court abused its discretion by retaining legal custody of Paige. The court obviously carefully considered the important issues. We agree with the district court's finding of "sufficient concern with respect to both parties" and hold that the district court properly retained legal custody of Paige. The evidence in this case is clear that both parties have exhibited questionable behavior in the past. Although Jarrod appears to have decreased his use of alcohol, it is clear that he has had a problem with alcohol in the past. His temper is a matter of concern, as is Tammie's vindictive behavior toward Jarrod after their separation. Accordingly, at this time, the best interests of Paige require that the district court temporarily retain legal custody of Paige in order to most effectively ascertain the child's best interests as concerns custody.

■ As noted previously, an order placing legal custody with the court is ordinarily temporary and probationary in nature, and the district court has the power to make further summary disposition of the minor children when necessary. See *Ensrud, supra*. When a court has retained legal custody of a child pursuant to § 42-364, the best interests of the child determine whether a change of physical custody is necessary. In this situation, it is not necessary to show any change of circumstances otherwise required for a change in legal custody

of the child. *Christen v. Christen*, 228 Neb. 268, 422 N.W.2d 92 (1988).

It is also clear that the district court did not abuse its discretion by placing Paige's physical custody with Jarrod.

> [I]n determining a child's best interests under § 42-364(1) the court may consider "factors such as general considerations of moral fitness of the child's parents, including the parents' sexual conduct; respective environments offered by each parent; the emotional relationship between child and parents; the age, sex, and health of the child and parents; the effect on the child as the result of continuing or disrupting an existing relationship; the attitude and stability of each parent's character; parental capacity to provide physical care and satisfy educational needs of the child; the child's preferential desire regarding custody if the child is of sufficient age of comprehension regardless of chronological age, and when such child's preference for custody is based on sound reasons; and the general health, welfare, and social behavior of the child."

*Miles v. Miles*, 231 Neb. 782, 784, 438 N.W.2d 139, 141 (1989). See, also, *McDougall v. McDougall*, 236 Neb. 873, 464 N.W.2d 189 (1991); *Beran v. Beran*, 234 Neb. 296, 450 N.W.2d 688 (1990).

There was no showing in this case that either Jarrod or Tammie was unfit to be the custodial parent. However, we acknowledge that the trial judge observed and heard the witnesses in this case and accepted one version of the facts over another. There was evidence that Jarrod provided Paige with a stable home environment. There was also evidence that Jarrod has access to and has utilized support from his parents, grandparents, and minister. Given the standard of review and the nature of the case, we cannot say that the trial court abused its discretion by awarding physical custody to Jarrod. Accordingly, Tammie's second assignment of error is without merit.

The decision of the district court is affirmed.

AFFIRMED.