JEANNIE L. ELSASSER, APPELLEE, v. ARLIE C. ELSASSER, APPELLANT.

291 N. W. 2d 260

Filed April 23, 1980. No. 42637.

Alan L. Plessman, for appellant.

Jerry David Slominski, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and MARTIN, District Judge.

MARTIN, District Judge.

This case involves the award of custody of two minor boys in a proceeding for dissolution of marriage. In the original decree of January 13, 1978, legal custody of the two minor children was placed with the probation office of the Separate Juvenile Court of Lancaster County, Nebraska, with physical custody in the mother and with reasonable rights of visitation awarded the father under supervision of the probation office. Prior to the original divorce

trial, respondent father had had custody of the minor children.

Subsequently, the appellant and the attorney appointed to represent the children filed separate motions to modify the decree insofar as custody of the children was concerned and, after trial, both applications were overruled, as was the motion for a new trial.

Appellant contends that the lower court abused its discretion and that its decision was contrary to law.

This is a familiar story wherein each party, at great length, lists the character and personality defects of the other, as well as each party's behavioral lapses. Each produced witnesses supporting his or her contentions.

This is an appeal de novo, but as this court has said in *Fleharty v. Fleharty*, 202 Neb. 245, 274 N.W. 2d 871 (1979), and other cases, weight will be given to the fact that the trial court observed the witnesses and their manner of testifying and that the trial court accepted one version rather than the other.

An examination of the record indicates that the trial court carefully weighed the factors set down in *Christensen v. Christensen*, 191 Neb. 355, 215 N.W. 2d 111 (1974), and determined in this situation that the best interests of the children would indicate that their physical custody should remain with their mother.

There was no abuse of discretion here as the evidence supports the decision of the trial court.

AFFIRMED.

CLINTON, J., not voting.