ROBERT G. ANDERSON, APPELLANT, v. WANDA B. ANDERSON, APPELLEE.

294 N. W. 2d 372

Filed July 8, 1980. No. 42928.

Les Seiler, for appellant.

Luebs, Dowding, Beltzer, Leininger & Smith, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

This is an appeal from the order of the District Court for Adams County, Nebraska, denying petitioner's application to terminate an alimony award previously entered in favor of the respondent wife in the original dissolution action. We affirm.

A decree was entered on March 5, 1976, dissolving the parties' marriage of nearly 34 years' duration. As part of that decree, the petitioner was ordered to make monthly alimony payments of $200 to the respondent for a period of 10 years. At the time of the decree, the parties had incurred substantial indebtedness which the petitioner was ordered to pay. The property of the parties was divided between them.

Petitioner's application to modify the decree by ordering the balance of alimony payments terminated was filed on July 12, 1978, alleged that he was forced to seek different employment at approximately one-half of his former pay, and that the debts which he was ordered to assume were of such magnitude that it was impossible for him to continue making the alimony payments.

Hearing on the application was held on June 8, 1979. The evidence revealed that, at the time of the dissolution, petitioner was the sheriff of Adams County and received total gross income of $2,600 per month. This figure included a salary of approximately $850 per month, a Veterans' Administration disability pension of $121 per month, and the balance in the form of mileage expenses and food expenses for the feeding of jail prisoners. Additionally, living quarters were furnished to the petitioner and respondent at no cost. At the same time, respondent was employed, earning a gross salary of $525 per month

with take-home pay of approximately $400. It is not clear whether this was included in the $2,600 figure, but it is assumed that it was not. In regard to the mileage and food allowances, it is not clear how much, if any, of this amount resulted in additional actual income.

The petitioner, in response to questions, stated that the costs which he incurred for mileage and food did not exceed the amounts which he was paid for those items, and that he actually made money from the allowances. However, no figures were ever quoted.

Presently, the petitioner is employed as a deputy sheriff in the state of Wyoming, and is paid a monthly gross salary of $1,150, which results in net income of $908.31. He is also furnished an automobile to be used in discharging his duties. He still receives the pension of $121 per month. His present wife is employed, earning approximately $600 per month. Since the filing of the application, petitioner has "taken bankruptcy," although the debt secured by his automobile was not discharged. The respondent is currently employed in Omaha, earning approximately $600 per month, with a net income of $477. Her expenses have gone up approximately $100 per month since the original decree.

The trial court denied the application for modification, but suspended the installments which petitioner had not paid for the months of August 1978 through June 1979, pending hearing on his application, but extended the payments into the future so that a total of 120 months is required to be paid.

Neb. Rev. Stat. § 42-365 (Reissue 1978) provides that "orders for alimony may be modified or revoked for good cause shown." In order to warrant the modification of a decree of dissolution providing for the payment of alimony, there must be evidence of changed circumstances supporting such action. *Benedict v. Benedict, ante* p. 284, 292 N.W.2d 565 (1980).

In this case, the only real evidence of any change in circumstances is the fact that petitioner now has a total income, including gross salary and pension, of approximately $1,271 per month, as opposed to $971 at the time of the original decree. This, of course, eliminates any consideration of his former allowances as there was no evidence to support any conclusion as to what that totaled in real income. Additionally, petitioner has, through the process of bankruptcy, been relieved of the responsibility for a large number of obligations previously existing. The respondent's change in income and expenses has approximately kept pace with each other.

Considering the entire record, we agree with the trial court that there was no change in circumstances shown to support a conclusion that there was "good cause" to terminate the payment of alimony. Its judgment is affirmed and the petitioner is ordered to pay the respondent $500 to apply on her attorney's fees.

AFFIRMED.