ELIZABETH TRIMBLE, APPELLEE AND CROSS-APPELLANT, V. JOHN TRIMBLE, APPELLANT AND CROSS-APPELLEE.

352 N.W.2d 599

Filed July 27, 1984. No. 83-573.

Annette E. Mason of Ross, Mason, Mason, Fennell & Smith, for appellant.

Larry R. Forman of Schmid, Ford, Mooney & Frederick, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

In December 1982 the appellee, Elizabeth Trimble, filed her petition in the district court for Douglas County, Nebraska, seeking dissolution of her marriage to appellant, John Trimble. The parties were married January 29, 1967. Two children were born of the marriage, Theodora, June 13, 1973, and Athena, March 23, 1979. The parties' marriage was dissolved by order of the district court on May 20, 1983. Various issues were presented to the district court and decided by it. Several of the decisions displease each of the parties and this appeal and cross-appeal follow.

At the time of the trial the appellant was a medical resident at the University of Nebraska Medical Center. He was due to complete this training as an ear, nose, and throat specialist in July 1984. In addition to his degree in medicine, he also is the holder of a Ph. D. from the Colorado State University and was, prior to his medical training as well as during his training, a full-time professor at the Creighton University School of Medicine. Elizabeth Trimble, except for a period immediately before and after the birth of her first child, worked outside the home during the

marriage.

The trial court, in the decree of dissolution, awarded custody of the minor children to Elizabeth, ordered child support of $200 per month per child, alimony of $200 per month for 2 years, and $400 per month for the next 3 years. The court further directed that it would review the alimony award in January 1988 (the award by its terms would otherwise expire with the April 1988 payment) or sooner if requested by the parties. The court, before dividing the real and personal property of the parties, ordered John to maintain two life insurance policies which have a combined face value of $150,000, to be held as security for all future alimony and child support payments.

John assigns as error: (1) The court's award of custody to Elizabeth after finding that both parents were fit and proper persons to have custody of the minor children; (2) The court's order directing the two life insurance policies be held as security for alimony and child support; and (3) The court's order directing review of the alimony award as to amount and continuance in January 1988.

We will discuss the appellant's contentions before we consider those of the appellee.

Each party agrees that the other is a fit and proper person to have the custody of the minor children, and each agrees that the standard to be followed by the trial court in awarding custody of children is that of the best interests of the children. *Elsasser v. Elsasser*, 206 Neb. 128, 291 N.W.2d 260 (1980).

The evidence is strongly supportive of the trial court's judgment. The record reveals that Elizabeth spent a great deal more of her time with the children, has the more predictable work and leisure schedule, and was more concerned with the children's education. Appellant strongly urges that a concept, which he contends is employed by some of the district courts in this state, be utilized in this case. The concept is that of joint custody of the minor children by each of the two now separated and divorced parents.

It occurs to us that in a given case joint custody might very well act to preserve the parent-child bond for both parents and thus avoid the severance of either of the attachments. See, Folberg, *Joint Custody of Children Following Divorce*, 12

U.C.D. L. Rev. 523 (1979); Bratt, *Joint Custody*, 67 Ky. L.J. 271 (1979). We believe, however, that such arrangements must be reserved for the most rare of cases, i.e., where in the judgment of the trial court the parents are of such maturity that the arrangement will not operate to allow the child to manipulate the parents or confuse the child's sense of direction. A collateral question exists as to why those most ideal of parents, who would satisfactorily cope with the conflicts inherent in a joint child custody arrangement, came to be divorced in the first instance. After a de novo review of the record, we agree with the trial court that the award of custody was properly placed in the appellee. The visitation arrangements to appellant appear to be most generous, and, indeed, no complaint is made of them. We are not prepared to reject the concept of joint custody, but are not prepared to state that it should be a regular tool in the remedies of the district courts. The first assignment is without merit.

At issue in the second assignment of error is that part of the decree of dissolution which reads as follows: "If not reviewed sooner, the Court will consider in January, 1988, if requested by either party, whether or not alimony shall continue beyond the time set forth herein, and if it should, the amount of alimony and the additional length of time that it should continue." Appellant contends that the above provision violates Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982), which provides in part that "orders for alimony may be modified or revoked for good cause shown . . . ."

We do not interpret the provision in the decree in the fashion appellant urges. Read literally, it simply means that the court will review the alimony award if asked. It does not suggest that the award can be changed except for good cause shown. We have previously interpreted good cause as a material change of circumstances. *Anderson v. Anderson*, 206 Neb. 655, 294 N.W.2d 372 (1980). It is obvious that the core of the court's consideration is the possible dramatic rise in appellant's earnings when his residency is completed and he begins his active professional life. Whether such an eventuality would constitute "good cause," we leave to an appropriate forum at an appropriate day. The second assignment is without merit.

As to the third assignment, the appellant contends that the

amount of security for the required payments is excessive. Section 42-365 provides in part that "[r]easonable security for payment may be required by the court." We are unable to say that the amount of security in this case is unreasonable, although we acknowledge that the combined face value of the life insurance policies is more than sufficient to discharge the required payments at least twice over. We are not furnished with any evidence of the cost of the policies, nor any evidence of the policies' cash or loan values. It would accomplish little to review in detail the evidence that convinced the trial court that security was justified. We have also reviewed the evidence, and it also convinces us that the order was justified. The assignment is without merit.

Though labeled "Brief of Petitioner-Appellee & Cross Appellant Elizabeth Trimble," the absence of compliance with our rules makes it a very questionable activity to attempt to discern of what appellee complains on cross-appeal. We will not undertake the uncertain journey.

Appellee is awarded $1,000 for her attorney's services in this court.

AFFIRMED.