LOIS T. PETRASHEK, APPELLANT, V. WILLIAM L. PETRASHEK, APPELLEE.

440 N.W.2d 220

Filed May 19, 1989.   No. 88-451.

Louie M. Ligouri for appellant.

No appearance for appellee.

BOSLAUGH, CAPORALE, and GRANT, JJ., and SPRAGUE and MULLEN, D. JJ.

PER CURIAM.

This is an appeal in a proceeding for the dissolution of a marriage.

The parties were married December 5, 1969, and have three children, Teresa Marie, born May 18, 1972; Roxane Le, born August 2, 1973; and Ethan William, born April 6, 1982.

The petitioner, Lois T. Petrashek, filed a petition September 28, 1987, for separate maintenance. The respondent, William L. Petrashek, filed a cross-petition October 30, 1987, alleging that the marriage was irretrievably broken, and praying for dissolution of the marriage. Both parties requested custody of the children.

The parties and their children have lived in their present home in Table Rock, Nebraska, for about 1½ years. They purchased the home for $9,500, and approximately $7,000 is owed on the mortgage. The monthly payment on the mortgage is approximately $185. The parties valued their general household goods at $1,000. They own four automobiles and a truck, which have a value of approximately $2,800. They have three checking accounts, which are of minimal value.

At the time of trial, the respondent was employed as an automobile mechanic and was earning take-home pay of $499.87 every 2 weeks. He carries health insurance, for which he pays about $40 per month and his employer pays about $157 per month.

The respondent has tools used in his employment, which he valued at $1,500, and other equipment which he valued at $500.

The petitioner wife has had the primary responsibility of homemaking and caring for the children. At the time of the trial, she was employed as a nurse's aide with a net income of about $325 per month. In 1985, her income was $1,269; in 1986, it was $105; and in 1987, it was $974. The petitioner testified that she was looking for additional hours of employment, has done bookkeeping, and has worked as a dental assistant, and said that "I think I can learn to do about anything."

Following the hearing on April 29, 1988, the trial court dissolved the marriage, retained legal custody of the children in the court, and provided that the temporary custody and possession of the family home be vested in the minor children and that all household goods remain in the home. The petitioner was awarded the right to live in the home for a period of 3 months, beginning May 1, 1988. As of August 1, 1988, the respondent was entitled to live in the home with the children for 3 months. Then, beginning on November 1, 1988, the petitioner had the right to live in the home with the children for 6 months

and to alternate every other 6 months thereafter with the respondent, until the two minor daughters of the parties become of age, marry, die, become emancipated, or are out of school. The temporary care, custody, and control of the children was ordered to "rest in whichever party is living in the house at the times above stated." When the last of the two minor daughters leaves the household, the petitioner was to be awarded physical custody of the son and sole possession of the home until the son becomes of age, marries, dies, is emancipated, or leaves the home.

The parent who has possession of the home during his or her occupancy is required to make the $185 house payment and pay for the utilities and general upkeep of the home while in possession. Taxes and insurance on the house are to be divided by the parties.

The family home was ordered to be sold at the time the last of the minor children becomes of age, marries, dies, becomes emancipated, or leaves the home, the proceeds to be applied to the payment of the mortgage, after which any excess is to be divided equally between the parties.

The respondent was ordered to pay $129 per month per child in support, and the petitioner was ordered to pay $58 per month per child in support. Respondent was ordered to maintain the health insurance he was carrying on each child until the child becomes of age, marries, dies, becomes emancipated, or leaves the home.

The petitioner was awarded the 1977 Pontiac automobile, subject to any indebtedness, and the 1968 Mercury was awarded to the respondent. The petitioner was awarded the cash value of her life insurance policy. The tools owned by the respondent and used in his trade were awarded to him. The remainder of the personal property was to be sold to pay the debts of the parties.

No attorney fees were awarded, and petitioner was ordered to pay the court costs. The trial court also fixed the rights of visitation of the parties.

The petitioner has appealed and contends the trial court erred in retaining legal custody of the children in the court and awarding alternating possession to the parties, in the division of

real and personal property, and in failing to allow alimony and attorney fees to the petitioner.

In an appeal in an action for dissolution of marriage, the Supreme Court reviews the record de novo to determine if the district court abused its discretion. In the absence of such an abuse, the trial court's findings will not be reversed. When the evidence is in conflict, this court will consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts over another. *Rogers v. Rogers*, 231 Neb. 313, 435 N.W.2d 915 (1989); *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988).

In regard to child custody, Neb. Rev. Stat. § 42-364 (Reissue 1988) provides that

> [w]hen dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, including placing the minor children in the custody of the court or third parties. . . . Custody and visitation of minor children shall be determined on the basis of their best interests.

Ordinarily, legal custody should not be placed in the court unless both parents are unfit or the best interests of the children, in regard to custody, are not clear. Although § 42-364(3) provides that "[t]he court may place the custody of a child with both parents on a shared or joint-custody basis when both parents agree to such an arrangement," joint custody of minor children is not favored, and, generally, such arrangements should be avoided. See, *Wilson v. Wilson*, 224 Neb. 589, 399 N.W.2d 802 (1987); *Korf v. Korf*, 221 Neb. 484, 378 N.W.2d 173 (1985); *Trimble v. Trimble*, 218 Neb. 118, 352 N.W.2d 599 (1984). The parties in this case did not agree to a shared or joint custody basis.

Although the trial court made no specific finding regarding the fitness of the parties, it is apparent that it considered both parties fit and that the record supports such a finding. Under the facts and circumstances in this case, we believe the custody of the children should be awarded to the petitioner with rights of visitation in the respondent as provided in the decree of the trial court.

The award of child support to be paid by the respondent in the amount of $129 per month per child is affirmed. The award of child support to be paid by the petitioner is canceled.

The award of "temporary custody and possession" of the family home to the minor children is impractical and cannot be affirmed. Possession of the family home is awarded to the petitioner as long as she and the children live in it, or until the youngest child becomes 18 or leaves the home, whichever is sooner. The respondent shall pay the monthly mortgage payment, the taxes, and the insurance. When the petitioner moves from the home, or the youngest child becomes 18 or leaves the home, the property shall be sold, the proceeds to be used to pay the mortgage indebtedness and any balance remaining to be equally divided between the parties, except the petitioner's share of the proceeds shall not exceed $1,000.

The award to the petitioner of the 1977 Pontiac automobile and the cash value of her life insurance policy is affirmed. All household goods are awarded to the petitioner.

The award of the tools and equipment to the respondent is affirmed, and he shall receive the other automobiles, the truck, and all of the bank accounts.

The respondent shall pay all the indebtedness of the parties, except the $750 unsecured debt of the petitioner and the real estate mortgage which shall be paid as ordered above.

Costs are taxed to the respondent, including an allowance of $250 to the petitioner for the services of her attorney, the latter to be paid within 3 years of the date of the filing of the mandate of this court in the district court.

The judgment of the district court is modified as provided in this opinion, and as so modified is affirmed.

AFFIRMED AS MODIFIED.