ROBERT LEE ROSENBAUM, APPELLANT, V. JUDITH DERENNE
ROSENBAUM, APPELLEE.

461 N.W.2d 414

Filed October 19, 1990.    No. 89-1325.

Clay B. Statmore for appellant.

Debra K. Lyford for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

In an appeal from an order modifying a decree of dissolution, the father alleges that the district court abused its discretion. He argues that the district court erred in finding a material change of circumstances with respect to child custody, that the court erred in finding that it is in the best interests of the child to be in the custody of the mother, and that the court erred in holding that its "best interests" finding is a material change in circumstances.

> "In an appeal involving an action for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another."

*Huffman v. Huffman, ante* p. 101, 104, 459 N.W.2d 215, 219 (1990), quoting *Huffman v. Huffman*, 232 Neb. 742, 441 N.W.2d 899 (1989); *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990); *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988).

From our review de novo of the record in these proceedings, we find no abuse of discretion by the district court. We affirm.

AFFIRMED.