CHARLES E. HAASE, APPELLEE AND CROSS-APPELLANT, V. JUDY M. HAASE, NOW KNOWN AS JUDY M. BURNETT, APPELLANT AND CROSS-APPELLEE.
462 N.W.2d 625

Filed November 16, 1990.   No. 90-002.

Ronald J. Albin for appellant.

Richard E. Gee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal from a district court order modifying a decree of dissolution. The wife appeals, alleging that the district

court erred in finding a material change in circumstances affecting the best interests of the children, which required changing custody of the parties' two children to the husband in lieu of divided custody. The husband cross-appeals, claiming that the lower court erred in setting visitation without considering the children's school schedules.

"In an appeal involving an action for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another."

*Huffman v. Huffman, ante* p. 101, 104, 459 N.W.2d 215, 219 (1990); *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990); *Ensrud v. Ensrud*, 230 Neb. 720, 433 N.W.2d 192 (1988). From our review de novo on the record in these proceedings, we find no abuse of discretion by the district court.

The wife has also raised a question regarding the admissibility of certain evidence received at the hearing on the husband's motion to modify the dissolution decree. Assuming, but not deciding, that the evidence was inadmissible, the balance of the record fails to establish an abuse of discretion by the district court in disposing of the issues and the parties' contentions.

Although requested, we decline to award an attorney fee in this appeal.

AFFIRMED.